**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUSUF IBRAHIM, <br><br> Plaintiff, <br><br> v. <br><br> AMY EMRICH, *et al.*, <br><br> Defendants. | Civil Action No. 24-01780 (GC) (TJB) <br><br> **MEMORANDUM ORDER** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Yusuf Ibrahim's Motion to Remand to the Superior Court of New Jersey, Middlesex County. (ECF No. 4.) Defendants Amy Emrich and Derrick Bodtmann opposed. (ECF No. 7.) The Court carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

On October 18, 2023, Plaintiff Yusuf Ibrahim, an incarcerated person, filed a complaint in the Superior Court of New Jersey, Mercer County, Docket Number MER-L-002075-23, naming Amy Emrich and Derrick Bodtmann, New Jersey Department of Corrections employees, as Defendants. (ECF No. 1-3 at 2.) The complaint alleged that Plaintiff had been denied access to the courts without citing any federal statute or constitutional provision. (*Id.*)

On February 2, 2024, Plaintiff filed a motion to amend the complaint in the Superior Court of New Jersey. (ECF No. 1-4 at 1-7.) In the proposed amended complaint, Plaintiff asserted that

he is suing Defendants for denying him access to the courts in violation of the First and Fourteenth Amendments to the United States Constitution. (*Id.*)

On February 20, 2024, the Superior Court of New Jersey granted Plaintiff's motion to amend and gave Defendants forty-five days to answer, move or otherwise respond to Plaintiff's amended complaint. (ECF No. 1-5 at 6.)

On March 7, 2024, Defendants filed a notice of removal to this Court. (ECF No. 1.) The basis for subject-matter jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff moved to remand on March 21, 2024. (ECF No. 4.) Defendants opposed on March 28. (ECF No. 6.)

## II.     **LEGAL STANDARD**

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Sci., Inc.*, 146 F. Supp. 2d 594, 603 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)). To maintain subject-matter jurisdiction over a lawsuit, the Court must either have diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. A federal district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* § 1331.

After a case is removed, the plaintiff may move to remand the case to state court. *See Atl. Neurosurgical Specialists v. Anthem, Inc.*, Civ. No. 21-20052, 2022 WL 3273952, at *1 (D.N.J. Aug. 11, 2022). The removing party maintains the burden of showing the Court that it has subject-matter jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The matter "must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case." *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citing 28 U.S.C. § 1447(c)). "The Court must also strictly construe the

2

removal statutes against removal and resolve any doubts in favor of remand." *Entrekin*, 146 F. Supp. 2d at 604; *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) ("A district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.").

### III.    DISCUSSION

Plaintiff does not dispute that his amended complaint against Defendants raises claims under the First and Fourteenth Amendments that confer subject-matter jurisdiction on this Court pursuant to 28 U.S.C. § 1331. (ECF No. 4 at 3 (acknowledging that the amended complaint "raises a Federal Civil Rights Question").) Nor does Plaintiff argue that the process or timing of removal was improper. Instead, Plaintiff asks this Court to remand because he would prefer that the case remain in state court. (*Id.* at 3-4.) Plaintiff contends that the case "raises no complex issues of law," notes that he "already has several matters before this Court," and believes that a resolution may be more expediently rendered in the state-court forum. (*Id.*) In response, Defendants argue that removal was proper and that Plaintiff's preference to proceed in state court "is not a sufficient basis to justify a remand." (ECF No. 6 at 2.)

After careful review, the Court agrees with Defendants. Although the Court appreciates Plaintiff's position, it is well settled that the federal removal statute gives a defendant who has been sued in state court the right to substitute a federal forum for the state court originally selected, so long as the process of removal is proper and the federal court has subject-matter jurisdiction. *See, e.g.*, *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) ("By statute, a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court."); *Asher v. Raytheon Techs. Corp.*, Civ. No. 20-00238, 2020 WL 3529817, at *3 (N.D. Ind. June 30, 2020) ("This statutory right of removal provides the defendant with an opportunity to

3

substitute his choice of forum for the plaintiff's original choice."); *see also* Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3721 (Rev. 4th ed. June 2024). Because Plaintiff does not contest this Court's subject-matter jurisdiction nor argue that removal was procedurally improper, the motion to remand must be denied.

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown,

**IT IS**, on this 8th day of August, 2024, **ORDERED** as follows:

1. Plaintiff's Motion to Remand (ECF No. 4) is **DENIED**.
2. The Clerk's Office is directed to **TERMINATE** the motion pending at ECF No. 4 and to mail a copy of this Memorandum Order to Plaintiff by regular United States mail.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**