**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUSUF IBRAHIM,<br><br>Plaintiff,<br><br>v.<br><br>AMY EMRICH, *et al.*,<br><br>Defendants. | Civil Action No. 24-01780 (GC) (TBD)<br><br>**OPINION** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon Defendant Amy Emrich's and Derrick Bodtmann's Motion to Dismiss (ECF No. 7 ("Motion")) the Amended Complaint (ECF No. 1-4, Ex. B ("Amended Complaint")) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Pro se* Plaintiff Yusuf Ibrahim opposed the Motion. (ECF No. 8). Defendants filed a reply (ECF No. 9), and Plaintiff submitted a sur-reply (ECF No. 10). The Court carefully reviewed Plaintiff's submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

   a. **The Complaint**

In his Amended Complaint,[1] Plaintiff claims that he is in the custody of the New Jersey Department of Corrections ("NJDOC") at the New Jersey State Prison ("NJSP") located in Trenton, New Jersey. (Amended Complaint ¶ 2.) He states that he is suing Defendants for denying him access to the courts in violation of the First Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment. (*Id.* at 1.[2]) He alleges that Defendant Emrich was the NJSP Administrator and Defendant Bodtmann served as the Assistant Administrator of the NJSP. (*Id.* ¶ 3.) Defendants allegedly denied Plaintiff access to the courts by "A) Not adding Plaintiff's Private Investigator (P.I.) to [the] confidential contact visit list, B) Not allowing Plaintiff to add [the] P.I.'s number to the confidential calls list, and C) Not allowing Plaintiff to hand ANY paperwork to P.I., Attorneys, Forensics Experts, or any Legal Professionals." (*Id.* ¶ 4.)

Plaintiff requests individual capacity damages in the amount of $15,000, and he also seeks injunctive relief against Defendants in their official capacities. (*Id.* ¶¶ 5-6.) Specifically, he requests enforcement of his rights: (i) under the United States Constitution to access the courts; (ii) "to confidential contact visits with P.I.'s, Forensic Experts, and Professional Legal Services;" (iii) "to strategize confidentially, encompassing the passing of paperwork on which the strategy was drawn to the hired party during the visit;" (iv) to "strategize" over the phone by adding "the hired Legal Professional" to the confidential call list under the same process for attorneys; (v) to

---

[1]    Plaintiff's Amended Complaint was originally filed with the Superior Court of New Jersey, Mercer County ("Superior Court"), and Defendants attached a copy of this operative pleading as part of an exhibit to Defendants' notice of removal ("Notice of Removal"). (*See* ECF No. 1-4.)

[2]    Page numbers for record citations refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

confidential communications with "the hired party" without abridgment; and (vi) "[e]qual protection of confidential communications with non-attorney Legal Professionals (P.I.s, Forensic Experts, etc.) to encompass the same level of protections afforded to attorney client communications." (*Id.* ¶¶ 7-12.)

Plaintiff also alleges that he "suffers from actual injury to a non-frivolous criminal matter in State Court; Hudson County Indictment No. 14-04-00044-S (Motion for New Trial Based on Newly Discovered Evidence; 2nd PCR)." (*Id.* ¶ 13.)

### b. Procedural History

On October 18, 2023, Plaintiff filed a *pro se* complaint in the Superior Court, Docket Number MER-L-002075-23, naming Emrich and Bodtmann, New Jersey Department of Corrections ("NJDOC") employees, as Defendants. (ECF No. 1-3, Ex. A ("Complaint").) The Complaint alleged that Plaintiff was denied access to the courts without citing any federal statutory or constitutional provision. (*Id.*) On February 2, 2024, Plaintiff filed a motion to amend the complaint in the Superior Court, which was granted on February 20, 2024. (ECF No. 1-4 at 1-7; ECF No. at 6.) The Amended Complaint explicitly alleges claims under the First and Fourteenth Amendments to the United States Constitution. (*See* Amended Complaint.) On March 7, 2024, Defendants filed a Notice of Removal to this Court asserting federal question jurisdiction under 28 U.S.C. § 1331. (*See* ECF No. 1.)

On March 21, 2024, Plaintiff filed a motion to remand to the Superior Court of New Jersey, Middlesex County (ECF No. 4), which Defendants opposed on March 28, 2024. (ECF Nos. 4, 6.) On August 8, 2024, the Court denied Plaintiff's remand motion. *Ibrahim v. Emrich*, No. 24-1780, 2024 WL 3728071, at *1-2 (D.N.J. Aug. 8, 2024).

On March 28, 2024, Defendants moved to dismiss Plaintiff's Amended Complaint. (ECF No. 7.) Plaintiff filed his opposition on or about May 2, 2024. (ECF No. 8.) He attaches the following documents to his opposition: (1) copies of disapproved requests to have a contact visit with Jeffrey A. Oster, Private Investigator (ECF No. 8-2, Ex. A ("Contact Visit Requests") at 4-5; (2) JPay grievances and responses regarding in-person and telephone contacts with his private investigator (ECF No. 8-2, Ex. B ("Grievances") at 7-10); (3) a denied telephone system discrepancy and attorney change form asking to add Oster to the confidential call list (ECF No. 8-2, Ex. C ("Telephone Form") at 12); (4) the first page of a letter from an attorney at the New Jersey Innocence Project at Rutgers University to NJDOC Commissioner Victoria L. Kuhn and Assistant Commissioner Melinda S. Haley complaining that, during her visit with another prisoner, legal documents were confiscated (ECF No. 8-2, Ex. D ("Innocence Project Letter") at 14); and (5) a letter from Plaintiff's private investigator (Oster) about scheduling a confidential contact visit (ECF No. 8-2, Ex. E ("Private Investigator Letter") at 16).

Defendants filed their reply on May 10, 2024. (ECF No. 9.) On or about June 12, 2024, Plaintiff filed a sur-reply without leave of Court. (ECF No. 10.) Local Civil Rule 7.1(d)(6) states that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned." The Court will consider the sur-reply given Plaintiff's *pro se* status. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2022 WL 2314836, at *2 n.1 (D.N.J. Jun. 28, 2022) (considering a sur-reply filed by a *pro-se* plaintiff without prior leave of court due to the greater leeway typically afforded to *pro-se* litigants (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011))).

## II.  LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of

the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).

The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020). Because Plaintiff is proceeding *pro se,* the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that courts must remain flexible, especially when dealing with imprisoned *pro se* litigants). However, "'pro se litigants must still allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Defendants moves to dismiss the official capacity claims against them on the grounds that they are not persons amenable to suit under 42 U.S.C. § 1983. (*See* ECF No. 7-1 at 11-13.) They argue that the Amended Complaint fails to plead that Defendants were personally involved in any alleged constitutional violations and, in any event, does not state any meaningful violation of his right of access to the courts. (*Id.* at 13-19.) They further assert that they are entitled to qualified

5

immunity on the individual capacity claims for damages because Plaintiff fails to demonstrate a violation of a clearly established constitutional right and that the official capacity claims for injunctive relief must be dismissed because he fails to allege a continuing legal violation. (*Id.* at 19-25.) According to Defendants, the Amended Complaint should be dismissed with prejudice because any curative amendment would be futile. (*Id.* at 25.)

It is undisputed that any official capacity claims for damages against Defendants must be dismissed with prejudice. As to his other claims, Plaintiff emphasizes the fact that he is a *pro se* litigant, and he asserts that Defendants' arguments should be rejected because "[d]enying a pro se criminal defendant constitutionally guaranteed protections under the 6th Amendment of attorney/client communications extended to experts and investigators is a flagrant violation of clearly established rights." (ECF No. 10 at 2-3; *see also* ECF No. 8 at 1, 6.) In his opposition, Plaintiff makes several additional factual allegations that are not included in his Amended Complaint and discusses exhibits that, although attached to his opposition, are not attached to, or referenced in, his operative pleading. (*See generally* ECF No. 8.) Defendants argue in their reply that Plaintiff cannot amend or cure a deficient pleading in his briefing. (ECF No. 9 at 2-3.) They also contend that, even if the Court were to consider the additional allegations and exhibits, they fail to cure the deficiencies in the Amended Complaint, with the apparent exception of the operative pleading's lack of adequate allegations regarding Emrich's personal involvement. (*Id.* at 3-10.)

The Court concludes that the Amended Complaint fails to allege a facially plausible claim against Defendants. Additionally, it agrees with Defendants that Plaintiff cannot use his briefs to supplement or amend the Amended Complaint. *See, e.g.*, *Ziemba v. Incipio Techs., Inc.*, No. 13-5590, 2014 WL 4637006, at *3 (D.N.J. Sept. 16, 2014). Even if it were to consider the additional

allegations and exhibits, it finds that, apart from presenting adequate factual content to permit a plausible inference that Emrich was personally involved in the alleged unconstitutional conduct, Plaintiff's briefing does not cure the pleading deficiencies. Furthermore, the Court cannot conclude at this time that, except for the official capacity claims for damages, further amendment would be futile.

### a. Official Capacity Claims for Damages

Defendants argue that the claims against them in their official capacities must be dismissed with prejudice because Defendants are not "persons" liable to suit. (ECF No. 7-1 at 11-13.)

42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . [.]

In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court held that "[n]either a state nor its officials acting in their official capacities are 'persons' under § 1983," *id.* at 71. The Supreme Court further noted, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Ex parte Young*, 209 U.S. 123, 159–60 (1908)).

It is undisputed that any official capacity claims for damages against Defendants must be dismissed.[3] In his Amended Complaint, Plaintiff alleges that Emrich and Bodtmann "were employed by the NJDOC as NJSP's Administrator and Assistant Administrator." (Amended Complaint ¶ 3.) As state officials, Defendants are not "persons" subject to a claim for damages in their official capacities under § 1983. *See Will*, 491 U.S. at 71.

### b. Plaintiff's Request for Injunctive Relief

The Court further agrees with Defendants that the Amended Complaint does not allege an ongoing constitutional violation for purposes of Plaintiff's request for injunctive relief. (ECF No. 7-1 at 23-25.) "[A] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (citing *Graham*, 473 U.S. 159, 167 n.14; *Young*, 209 U.S. at 159-60). Here, however, Plaintiff does not plead any facts indicating a continuing denial of his right to access to the courts. *See e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (explaining that "Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers").

In his opposition, Plaintiff claims that there is "an ongoing violation" of his right to unfettered access to an investigator or legal professional, which effectively deprives him of his ability to construct a defense for a criminal matter or substantiate a claim in a civil proceeding. (ECF No. 8 at 7.) He does not refer to any ongoing or future legal proceeding. In fact, he acknowledges that the state trial court denied his motion for a new trial. (*Id.* at 5.) Plaintiff's sur-reply does mention "a 2nd PCR pending the outcome of a 1st PCR appeal" (ECF No. 9 at 4), but he

---

[3]   It is not clear whether Plaintiff advances damages claims against Defendants in their official capacities. In his Amended Complaint, he distinguishes between his individual and official capacity claims, requesting "INDIVIDUAL CAPACITY Monetary damages in the amount of $15,000" and "OFFICIAL CAPACITY injunctive relief." (Amended Complaint ¶¶ 5-6.)

8

cannot amend his pleading in a brief, *see Ziemba*, 2014 WL 4637006, at *3. Accordingly, the Court dismisses Plaintiff's request for injunctive relief.

### c. Defendants' Personal Involvement

According to Defendants, the Amended Complaint should be dismissed because Plaintiff fails to plead that Defendants were personally involved in any alleged violations of his right to access to the courts. (ECF No. 7-1 at 13-14.)

A civil rights plaintiff must establish that the defendant was personally involved in the alleged constitutional violation to support an individual capacity claim for monetary relief. *See Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *See Parkell*, 833 F.3d at 330; *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Therefore, there are two potential theories of supervisory liability. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, officials may be sued as policy makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" *Id.* (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). The second theory of liability provides that a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his or her subordinates' violations. *See Baker v. Monroe Township*, 50 F.3d 1186, 1190-91 (3d Cir. 1995). Allegations of personal involvement

9

"must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

Plaintiff's Amended Complaint does not allege "with appropriate particularity" facts plausibly suggesting that Defendants are liable under either theory. Instead, he merely alleges that Emrich and Bodtmann were employed as the NJSP Administrator and Assistant Administrator, respectively, and that "Defendant denied Plaintiff Access to the courts" and his rights under the First and Fourteenth Amendments by not adding his private investigator's number to the confidential contact visit list, not allowing Plaintiff to add the private investigator's number to the confidential calls list, and not allowing Plaintiff to hand any paperwork to private investigators, attorneys, forensic experts, or any legal professionals. (Amended Complaint at 1, ¶¶ 3-4.) He does not provide facts as to what role each individual Defendant had in not allowing the private investigator's name and telephone number to be added to the lists or preventing Plaintiff from handing paperwork to "legal professionals" (e.g., that they have established or maintained a policy or custom barring private investigators from the confidential call and visit lists or personally prevented Plaintiff from handing paperwork to the private investigator).

In his discussion of the "personal involvement" requirement in the opposition, Plaintiff does not rely on the allegations in his Complaint. Instead, he asserts that "Defendants personally denied plaintiff's request to add Mr. Oster to the confidential visit list." (ECF No. 8 at 4.) He relies on the Contact Visit Requests in which Emrich personally disapproved two requests for a contact visit with his private investigator on the grounds that private investigators are not permitted on the visiting list. (Contact Visit Requests at 4-5.) It appears that Plaintiff was permitted one confidential visit with Oster but was not permitted to add him to the visit or call lists. (ECF No. 8 at 2; Grievances at 10.) Plaintiff also refers to several grievances he filed regarding confidential

10

contact visits with a private investigator, the confidential contact and telephone lists, and the prohibition against handing over paperwork during confidential visits. (Grievances at 7-10.) The grievances were denied by Emrich, Bodtmann, or Craig Sears. (*Id.*) Finally, Plaintiff acknowledges that it was an "unknown prison staff member" who denied his request to add Oster's telephone number to the confidential calls list; but he contends that Defendants were responsible for shaping and upholding this policy, and "if Defendants cannot be held liable for this policy and procedure, plaintiff requests that the complaint be amended to add the unknown person(s) responsible as defendant(s)." (ECF No. 8 at 4.)

Defendants do not dispute that Plaintiff's new factual allegations and exhibits would be sufficient to allow a court to draw the reasonable inference that Emrich was personally involved in the alleged unconstitutional conduct. (*See, e.g.*, ECF No. 9 at 7 ("Specifically, Ibrahim attached the attorney-client contact visit form scheduling a visit with his private investigator which was disapproved by Defendant Emrich." (citing Contact Visit Requests at 4-5).) They do contend that the "new allegations and exhibits" do not plausibly establish Bodtmann's personal involvement in the alleged violations because he "simply advised [Plaintiff] of the [NJ]DOC's policies and procedures" and administratively closed one of Plaintiff's grievances as duplicative to another pending inquiry. (*Id.* at 3, 7 (citing Grievances at 7-10).) The Court agrees with Defendants. *See Miller v. Trometter*, No. 11-811, 2012 WL 5933015, at *12 (M.D. Pa. Nov. 27, 2012) ("[T]he filing of grievances, alone, is insufficient to show the actual knowledge necessary for personal involvement." (citing *Rode*, 845 F.2d at 126)).

In any event, Plaintiff's new allegations and exhibits regarding the Defendants' alleged involvement cannot be considered for purposes of Defendants' Motion. As Defendants note in their reply (ECF No. 9 at 1-3), it is well established that, "to decide a motion to dismiss, courts

11

generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[I]t is 'axiomatic' that a plaintiff cannot amend its complaint by way of a brief in opposition to a motion to dismiss." *Ziemba*, 2014 WL 4637006, at *3 (quoting *Commonw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1998)). Plaintiff cannot defeat a motion to dismiss by raising new factual assertions or presenting additional documentary evidence in his opposition. Accordingly, the Court dismisses Plaintiff's individual capacity claims for damages against Defendants based on his failure to allege in the operative pleading sufficient facts indicating their participation in the allegedly unconstitutional conduct.

    **d. Actual Injury**

Defendants also move to dismiss on the grounds that Plaintiff fails to allege a meaningful violation of the guarantee of access to the courts. (ECF No. 7-1 at 15-19.) Specifically, they assert that he does not satisfy any of the elements of this claim: (1) that he suffered an injury in the form of a loss of an opportunity to pursue a non-frivolous claim; (2) there are no remedies, save the present civil rights suit, that can possibly compensate for his lost claim; and (3) a description of "the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" (*Id.* (quoting *Schranne v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (per curiam)).

Prisoners maintain a "fundamental constitutional right of access to the courts," embodied in the First and Fourteenth Amendments. *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Convicted prisoners may only proceed on access-to-courts claims in two situations; "challenges (direct or collateral) to their sentences and conditions

of confinement." *Prater v. City of Phila*, 542 F. App'x 135, 136-37 (3d Cir 2013) (citing *Lewis*, 518 U.S. at 354-55).

There are two general types of access to the courts claims. Forward-looking claims involve official action that "frustrates a plaintiff . . . in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). In a forward-looking claim, "[t]he opportunity has not been lost for all time, however, but only in the short term, and the object of this type of suit is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413 (cleaned up). In backward-looking claims, the official acts "allegedly have caused the loss or inadequate settlement of a meritorious case" or the loss of a particular type of relief. *Id.* at 414.

In both types of cases, however, the plaintiff must identify a "nonfrivolous" or "arguable" underlying claim. *See id.* at 415. Indeed, "the underlying cause of action, whether anticipated or lost, is an element [of an access to the courts claim] that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* This is so because "a prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis*, 518 U.S. at 350). That is, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *See Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action), As explained by the Supreme Court, "because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by

13

establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.

In his Amended Complaint, Plaintiff presents only a single allegation regarding his alleged injury: "Plaintiff suffers from actual injury to a non-frivolous criminal matter in State Court; Hudson County Indictment No. 14-04-00044-S (Motion for New Trial Based on Newly Discovered Evidence; 2nd PCR)." (Amended Complaint ¶ 13.) This allegation is insufficient to satisfy the injury requirement. In fact, his conclusory assertion of "actual injury to a non-frivolous criminal matter" must be disregarded. *See Wilson*, 57 F.4th at 140 (stating that courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements" (citing *Oakwood Lab'ys LLC*, 999 F.3d at 903)). Plaintiff does not allege any actual facts suggesting that his motion for a new trial has arguable merit. He also does not provide any indication as to how the alleged refusal to add his private investigator to the contact visit and confidential calls list and the prohibition against handing any paperwork to legal professionals during a visit caused him injury in the state court action.

In his opposition, Plaintiff asserts that, while he was struggling with the prison administration's abridgement of his rights, the state trial court denied his motion for a new trial. (ECF No. 8 at 5.) According to him, the case-by-case process for deciding whether Plaintiff could have a confidential visit caused unnecessary delays and prevented him from "strategiz[ing] in time [with his private investigator] to provide the criminal court with the evidence necessary to support a motion for a new trial based on newly discovered evidence." (*Id.*) "Although plaintiff believes the criminal court ruled prematurely, had there been meaningful access to Legal Professionals without hurdling Defendant's obstacles to the access, plaintiff would have been able to present irrefutable forensic evidence capable of convincing a jury of his innocence." (*Id.*) Plaintiff further

14

indicates that the policy treating even an attorney who is handed a piece of paper by his client "like a criminal" is designed to deter meaningful access to attorneys and other legal professionals. (*Id.* at 5-6.)

According to his sur-reply, Plaintiff "has a 2nd PCR pending the outcome of a 1st PCR appeal." (ECF No. 10 at 4.) He states that "[t]he time to prepare ballistic and scientific evidence for an evidentiary hearing is <u>*NOW*</u>" and that "meeting with experts and investigators cannot be excessively burdensome and obstructed with unnecessary complex time consuming procedures." (*Id.*)

The Court is prohibited from considering these new allegations. *See White Consol. Ind., Inc.*, 998 F.2d at 1196; *Ziemba*, 2014 WL 4637006, at *3. Even if the Court could consider them, they do not cure the deficiencies in the Amended Complaint. Specifically, Plaintiff fails to describe "the underlying cause of action, whether anticipated or lost," *Christopher*, 536 U.S. at 414, and does not provide facts suggesting that his motion for a new trial has "arguable" merit, *id.* at 415. Instead, he baldly declares that he "would have been able to present irrefutable forensic evidence capable of convincing a jury of his innocence" and that "more than mere hope exists in the concrete nature of forensic science that would exculpate plaintiff and vacate the current sentence and conviction" (ECF No. 8 at 5-6); however, such conclusory statements are insufficient to defeat a motion to dismiss. In addition, Plaintiff does not present any facts plausibly indicating that he has no other remedy available to him in the state courts. *See, e.g.*, *State v. Szemple*, 252 A.3d 1029, 1035 (N.J. 2021) (stating that motion for new trial based on newly discovered evidence may be brought at any time).

Accordingly, Plaintiff's claims are dismissed because he fails to state an access to the courts claim.

### e. Dismissal With or Without Prejudice and Leave to Amend

Defendants argue that Plaintiff's Amended Complaint should be dismissed with prejudice because any curative amendment would be futile. (ECF No. 7-1 at 25.) According to them, they "are entitled to Qualified Immunity because [Plaintiff] cannot demonstrate a recognized liberty interest or constitutional right to have confidential communications with a private investigator," and "[t]here are no amendments that would change this analysis." (*Id.*).

Third Circuit "precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Except as to his official capacity claims for damages, the Court cannot conclude at this juncture that it would be futile for Plaintiff to file a second amended complaint curing the deficiencies identified by this Court in his Amended Complaint.

Amendment of the official capacity claims for damages would be futile because, as a matter of law, Plaintiff cannot pursue such claims against Defendants, or other NJDOC personnel. *See Will*, 491 U.S. at 71. Accordingly, Plaintiff's official capacity claims for damages are dismissed with prejudice.

Defendants assert that it is not clearly established that the right to access to the courts includes communications with a private investigator. (ECF No. 7-1 at 15-17); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (stating that, to overcome a claim of qualified immunity, a plaintiff must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." (cleaned up)). However, Defendants fail to meet their burden under the second prong of the qualified immunity defense.

*See Gomez v. Toledo*, 446 U.S. 635, 639 (1980) (noting qualified immunity is an affirmative defense, and the burden of pleading it rests with the defendant). Significantly, the one case Defendants cite in support of their argument (*see* ECF No. 71-1 at 21-22) did not distinguish between attorneys and professional investigators for purposes of an access to the courts claim. Instead, the Tenth Circuit rejected the prisoner's argument that his Sixth Amendment right to counsel entitled him to a confidential contact meeting with a privately retained investigator on the grounds that "the Sixth Amendment does not require in all instances unfettered contact between an inmate and *counsel*." *Kennedy v. Lake*, F. App'x 900, 902 (10th Cir. 2006) (emphasis added) (quoting *Mann v. Reynolds*, 46 F.3d 1055, 1060 (10th Cir. 1995)).

Accordingly, the Court dismisses with prejudice Plaintiff's official capacity claims for damages. It dismisses his other claims without prejudice and grants Plaintiff 45 days to file a second amended complaint.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED** in part and **DENIED** in part. The Court **DISMISSES WITH PREJUDICE** the official capacity claims for damages and **DISMISSES WITHOUT PREJUDICE** his remaining claims. Plaintiff may submit a second amended complaint within 45 days if he can cure the deficiencies in his remaining claims. An appropriate Order will be entered.

DATED: October 17, 2024

_____
GEORGETTE CASTNER
United States District Judge