**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUSUF IBRAHIM,<br><br>Plaintiff,<br><br>v.<br><br>AMY EMRICH, *et al.*,<br><br>Defendants. | Civil Action No. 24-1780 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Ibrahim Yusuf's Motion for a Temporary Restraining Order (TRO) and Immediate Preliminary Injunction (PI) pursuant to Federal Rule of Civil Procedure (Rule) 65. (ECF No. 41.) Defendants Amy Emrich and Derrick Bodtmann opposed in part, (ECF No. 48), and Plaintiff filed a reply and supplemental submissions, (ECF Nos. 45, 49, 51); and

**WHEREAS** Plaintiff is incarcerated at the New Jersey State Prison (NJSP) located in Trenton, New Jersey. (ECF No. 41 at 3.)[1] According to Plaintiff's Third Amended Complaint (TAC), Plaintiff is attempting, for the second time, to seek post-conviction relief. (ECF No. 30 at 2.) Plaintiff is representing himself *pro se* in connection with this second post-conviction relief petition and is "attempting to formulate a defense by hiring crime scene reconstruction experts to prove his innocence." (*Id.*) Plaintiff alleges that he cannot formulate his defense because the NJSP "denies him the ability to add [these experts] to his confidential call/visit list." (*Id.* at 3.) He

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

asserts Fifth, Sixth, and Fourteenth Amendment violations. (*Id.*)[2] Defendants' Motion to Dismiss Plaintiff's TAC is pending. (ECF No. 33); and

**WHEREAS** in Plaintiff's Motion for a TRO and PI, he seeks an order permitting audio forensic expert Jennifer Owen "to bring the equipment of her profession,"—which Plaintiff defines as "[l]aptop, [h]eadphones, [s]peakers, [m]icrophone, [r]ecording [d]evices, [e]tc."—to a confidential visit with Plaintiff at NJSP. (ECF No. 41 at 2.) Plaintiff asserts that, pursuant to NJSP policy,[3] Owen is unable to bring the equipment unless approved by Court order. (*Id.* at 3.) Plaintiff also asserts that his experts, beyond just Owen, should have "unfettered access" to visit him in prison after they are "vett[ed] and screen[ed] of credentials and equipment." (ECF No. 51 at 4.) Plaintiff contends that NJSP's policy violates the Fifth, Sixth, and Fourteenth Amendments and that he will sufferable irreparable harm if he is "not allowed to construct a defense" in connection with his second post-conviction relief petition, which he asserts is "currently being processed for docketing" in the "Law Division of Hudson County." (ECF No. 41 at 3-4; ECF No. 51 at 2.) However, this second post-conviction proceeding has not yet been "reinstated." (ECF No. 51 at 2); and

**WHEREAS** Defendants "do not oppose entry of an order allowing Plaintiff's forensic audio expert to bring necessary equipment into the prison facility during a confidential visit, subject to certain terms and conditions[.]" (ECF No. 48 at 7.) This equipment includes "a laptop, headphones, microphone, and [a] recording device," so long as the equipment is not connected to Wi-Fi while in the prison facility. (*Id.* at 13.) Plaintiff asserts that NJSP policy requires a court

---

[2] The Court has jurisdiction under 28 U.S.C. § 1331.

[3] The NJSP's access policies are governed by the New Jersey Administrative Code. (*See* ECF No. 48 at 14-19 (outlining relevant provisions)).

order to allow Owen to visit and bring certain equipment, and Defendants do not disagree with this assertion or oppose the entry of such an order. (ECF No. 41 at 3; ECF No. 48 at 7, 13.) Accordingly, the Court construes this unopposed request to be one that simply asks that the Court enter an Order *in accordance* with NJSP's policy rather than a request for a TRO or PI *to alter* how that policy is applied to Plaintiff such that court orders would no longer be needed. To the extent this request in Plaintiff's Motion is unopposed, the Court will grant the request; and

**WHEREAS** however, Defendants oppose Plaintiff's remaining request, which the Court construes as Plaintiff's Motion for a TRO and PI to alter how the NJSP policy is applied to Plaintiff such that Plaintiff's experts would have "unfettered access to the prison" without court orders. (ECF No. 48 at 14-19); and

**WHEREAS**, "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Barnes v. Edwards*, Civ. No. 13-4239, 2014 WL 3953189, at *3 (D.N.J. Aug. 13, 2014) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)). "[T]he party seeking a preliminary injunction bears the burden of establishing its entitlement to such extraordinary relief." *Sebela Int'l Ltd. v. Actavis Lab'ys FL, Inc.*, Civ. No. 17-4789, 2017 WL 4782807, at *2 (D.N.J. Oct. 20, 2017). A plaintiff seeking a TRO or PI must establish that (1) the plaintiff is reasonably likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest. *See HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, at *7 (D.N.J. June 2, 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).[4] The first and second elements are considered

[4] "The standard for a preliminary injunction and a TRO is the same." *Mirashi v. Doe*, Civ. No. 25-1805, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025).

"threshold" factors; absent either, the Court cannot issue injunctive relief. *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021); and

**WHEREAS** "[t]o establish a likelihood of success, a plaintiff must show that there is a reasonable chance, or probability, of winning." *Id.* at 380 (citation omitted). While this does not require a "more-likely-than-not showing of success on the merits, . . . it does require the plaintiff to 'demonstrate that it *can* win on the merits,' which involves a showing that its chances of establishing each of the elements of the claim are 'significantly better than negligible.'" *Id.* (emphasis in original) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 n.3 (3d Cir. 2017)); and

**WHEREAS** as this Court previously explained, although Plaintiff asserts claims under several Constitutional provisions, "his claim is properly analyzed under the First and Fourteenth Amendment as a denial of access to the courts claim[.]" *Ibrahim v. Emrich*, Civ. No. 24-01780, 2025 WL 2754148, at *7 (D.N.J. Sep. 29, 2025) (citation modified). To state such a claim, Plaintiff "must show" that as a result of the NJSP policy "(1) [he] suffered an 'actual injury'—that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 206 (3d Cir. 2008) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)); *see also Harbury*, 536 U.S. at 415 ("[E]ven in forward-looking prisoner [cases] to remove roadblocks to future litigation, the . . . plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim." (citing *Lewis v. Casey*, 518 U.S. 343, 353 & n.3 (1996)). To satisfy these requirements, Plaintiff "must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and [he] must describe the 'lost remedy.'" *Monroe*, 536 F.3d at 205-06 (quoting *Habury*, 536 U.S. at 416-17); and

**WHEREAS** courts routinely dismiss claims when plaintiffs fail to provide sufficient detail regarding the underlying claim such that the courts are unable to determine whether there is "more than mere hope." *Compare Drake v. Muniak*, Civ. No. 13-3868, 2017 WL 1102628, at *4 (D.N.J. Mar. 24, 2013) (dismissing access-to-courts claim when *pro se* plaintiff alleged that confiscated legal materials denied him ability "to put forth a supplemental postconviction relief petition" but he provided "no information regarding what claims he was not permitted to raise in his post-conviction relief proceedings as a result of the confiscation," so the court could not "determine if such a claim was nonfrivolous or arguable"), *and Johnston v. Artist*, Civ. No. 12-4460, 2013 WL 1164501, at *1, *3 (D.N.J. Mar. 20, 2013) (dismissing access-to-courts claim when *pro se* plaintiff alleged that inability to transport legal papers to his new prison denied him the capability to "competently participate" in his post-conviction relief application, but he failed to plead a resulting "actual injury"), *with Rivera v. Monko*, 37 F.4th 909, 913, 916 (3d Cir. 2022) (holding *pro se* plaintiff satisfied "actual injury" requirement when complaint alleged that "his inability to research hearsay rules as a result of the defendants' conduct [in denying him access to the Federal Rules of Evidence] resulted in an adverse verdict" in his trial when, at the trial, the judge "refused to admit his evidence on hearsay grounds" because the plaintiff did not "provide foundational testimony about [an] unsworn declaration and medical records"); and

**WHEREAS** neither Plaintiff's Motion for a TRO and PI nor his TAC describes the claims underlying his not-yet "reinstated," (ECF No. 51 at 2), second post-conviction relief petition. The TAC alleges that Plaintiff is attempting to "formulate a defense by hiring crime scene reconstruction experts to prove his innocence." (ECF No. 30 at 2.) His Motion for a TRO and PI states that he is unable to "present evidence of a wrongful conviction in criminal court due to Defendants' policy," (ECF No. 41 at 4), and his reply brief in support of that Motion states that he

will need "a crime scene reconstruction expert, a stippling expert[,] . . . a kinesiologist, and a dominant-hand use expert to prepare for" his second post-conviction relief petition, (ECF No. 51 at 5). However, Plaintiff fails to "describe the underlying arguable claim well enough to show that it is 'more than mere hope.'" *Monroe*, 536 F.3d at 205-06 (quoting *Harbury*, 536 U.S. at 416-17). Indeed, on the record presented, the Court has no way of determining whether Plaintiff's not-yet reinstated second post-conviction petition is "non-frivolous," "arguable" or "more than mere hope" because Plaintiff neither provides sufficient detail regarding the claims he intends to pursue to prove his innocence, nor does he explain why NJSP's policy prevents him from asserting those claims. *Id.*; *see also Drake*, 2017 WL 1102628, at *4; *Johnston*, 2013 WL 1164501, at *1, *3; *Rivera*, 37 F.4th at 913, 916; and

**WHEREAS** based on the current record before the Court, Plaintiff has failed to show that he has suffered an "actual injury" sufficient to support an access-to-courts claim, and he therefore has not demonstrated "a likelihood of success" on that claim. *Mallet*, 16 F.4th at 380. Because "absent" this "threshold factor[]," the Court cannot grant a PI or TRO, *id.*, and for other good cause shown,

**IT IS** on this 6th day of August, 2026 **ORDERED** as follows:

1. Plaintiff's unopposed Motion (ECF No. 41) with respect to Jennifer Owen, which the Court construes as a Motion for a court order pursuant to NJSP policy, is **GRANTED**. Jennifer Owen, Plaintiff's forensic audio expert, shall be permitted access to NJSP, or wherever Plaintiff may then be incarcerated in New Jersey, for purposes of a confidential visit with Plaintiff to be conducted at a time and place designated by prison administration. During said confidential visit, Jennifer Owen shall be permitted to bring with her a laptop, headphones, speakers, microphone,

and/or a recording device, provided such equipment is not Wi-Fi (or other wireless networking technology) enabled, or if it is, that such functionality is disabled (with conformation that such has been disabled) while the equipment is within the secured perimeter of the prison facility.

2. The remainder of Plaintiff's Motion (ECF No. 41), which Defendants oppose and the Court construes as a Motion for a Temporary Restraining Order and Preliminary Injunction, is **DENIED**.
3. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 41.
4. The Clerk's Office shall send a copy of this Memorandum Order to Plaintiff by regular U.S. mail.

Georgette Castner

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE